IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KENNETH TALTON, | |
| Petitioner | |
| VS. | NO. 5:06-CV-273 (DF) |
| JAMES DONALD, COMMISSIONER, | |
| Respondent | PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Respondent JAMES DONALD has filed a **MOTION TO DISMISS** the petitioner KEITH TALTON's habeas corpus petition. Tab #8. Donald's motion is supported by a brief which asserts that the petition is untimely filed pursuant to the AEDPA's one year statute of limitations. Tab #9. Although Talton was advised of his right to do so (Tab #11), the petitioner has failed to respond to respondent Donald's motion.

Section 2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

  *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

  *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

  *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

  *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Respondent Donald has shown the court that petitioner Talton pled guilty to burglary on October 3, 2001 and is currently serving an eight year prison sentence for that offense. The petitioner did not file a direct appeal of his conviction; thus, his conviction became final thirty days after his plea, November 2, 2001. Pursuant to the AEDPA, the petitioner had one year from that date to file for federal habeas corpus relief, but the petitioner failed to file any action – state or federal – until November 20, 2003, more than two years after his conviction became final.

Accordingly IT IS RECOMMENDED that the respondent's **UNCONTESTED MOTION TO DISMISS** (Tab #8) be GRANTED and the current action be DISMISSED as untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 1st day of DECEMBER, 2006.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE